## HALL v. WILLCOX.

(Circuit Court, S. D. New York.   September 26, 1906.)

1. Post Office ⚷⇒26—Fraud Orders—Presumption.

Where the Postmaster General, pursuant to acts of Congress, satisfies himself that a person is improperly using the mails and issues a fraud order accordingly, there is a rebuttable presumption that his conclusion is right.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. ⚷⇒26.]

2. Injunction ⚷⇒126—Restraining Fraud Order—Burden of Proof.

One seeking to enjoin the enforcement of a fraud order issued by postal authorities has the burden of proving that the order was improperly issued.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 276; Dec. Dig. ⚷⇒126.]

3. Post Office ⚷⇒26—Fraud Orders—Grounds.

Where complainant admitted prior quackery in his electric belt business, the fact that he had recently employed a physician does not warrant an injunction against the enforcement of a fraud order issued by the postal authorities; past fraud being ground for a fraud order.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. ⚷⇒26.]

In Equity.  Bill by S. S. Hall against William R. Willcox.  On motion for injunction pendente lite to prevent the postmaster at New York City, under orders from the Postmaster General, from detaining mail from the complainant, who was selling "Electric Belts," which were advertised as curing or aiding many ailments and increasing and preserving the sexual powers of men.  Motion denied.

J. J. Vanse, of Brooklyn, N. Y., for complainant.
C. D. Baker, of New York City, Asst. U. S. Atty., opposed.

HOUGH, District Judge.  The case of Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092, has simplified considerably professional ideas regarding the rights of citizens in respect of the postal transmission of letters.

[1] When the Postmaster General, pursuant to the acts of Congress now in force, satisfies himself that any given person is obnoxious to the statutes in question, issues a "fraud order" accordingly, and on being called to account in the courts certifies that he has reached his conclusion on evidence satisfactory to himself, the presumption is that his conclusion is right.  It may not have been reached by the ordinary methods of courts, the rules of evidence may have been disregarded, the investigation may have been secret and ex parte; but these are details for which relief must be sought from Congress and not from the judiciary—the presumption still exists.

I do not think that presumption, however, incontrovertible.  If it were, every such bill as this (which admits the issuance of a fraud order) would be open to demurrer.

It may be that the Postmaster General has exceeded the statutory grant of power, or exercised it wantonly, or maliciously.

⚷⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The presumption, however, is ample to put upon a complainant a burden of proof which it is difficult to imagine him meeting on a motion for preliminary injunction.

[3] Certainly this complainant has not met it. He admits one recent instance of business to be indefensible; he scarcely denies that such instances may have been the rule. If they were even rare, he admits that some fraudulent quackery existed until recently. To assert that the course of business indicated by the past has been mended by the sudden employment of a licensed physician, concerning whose professional qualifications (including pecuniary independence of the complainant and the electric belt business) nothing is shown, is asking too much of credulity.

The complainant's argument is based upon the proposition that his misdoing must be proved to be in the present tense, to justify a "fraud order."

I know of no more persuasive evidence of present conduct than past performance.

Motion for injunction denied.