PRIVETT ET AL. *v.* UNITED STATES ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 236. Argued March 18, 1921.—Decided April 18, 1921.

1. A homestead allotment of a half-blood Creek Indian, who died intestate leaving surviving issue, a member of the tribe, born since March 4, 1906, remains inalienable under § 9 of the Act of May 27, 1908, c. 199, 35 Stat. 312, during the lifetime of such issue, until April 26, 1931, if the Secretary of the Interior has not removed the restriction; and a deed made by the heirs in such circumstances is void. P. 203.

2. A finding that a surviving son of a Creek allottee was born since March 4, 1906, *held* sustained by the evidence. P. 203.

3. In a suit to set aside deeds of an Indian allotment made by the heirs of the allottee in contravention of a restriction on alienation imposed by Congress, wherein the validity of the conveyances depended on the date of the birth of a surviving minor son of the allottee, *held* that the United States was in no respect concluded by a finding of the date and a judgment upholding the conveyances, in a prior suit in the state court between the heirs and one claiming under the conveyances, t  vhich suit the United States was not a party. P. 203.

261 Fed. Rep. 351, affirmed.

THE case is stated in the opinion.

*Mr. Preston C. West,* with whom *Mr. A. A. Davidson* was on the brief, for appellants.

*Mr. Assistant Attorney General Garnett,* with whom *Mr. H. L. Underwood,* Special Assistant to the Attorney General, was on the brief, for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

The United States brought this suit to cancel conveyances made by the heirs of a Creek Indian of land allotted to him as a homestead out of the Creek tribal lands. After answer and hearing the District Court granted the relief sought and the Circuit Court of Appeals affirmed the decree. 261 Fed. Rep. 351.

The allottee was an Indian of the half blood and died intestate in 1911 leaving as his heirs a widow, an adult daughter and a minor son, all of whom were Creek Indians. Thereafter deeds purporting to convey the land to one Privett were executed by the heirs, the deed of the minor son being made by his guardian. These are the conveyances sought to be canceled, and the ground on which they are assailed is that the minor son was born after March 4, 1906, and therefore that the land passed to the heirs subject to the qualification and restriction imposed by a proviso in § 9 of the Act of May 27, 1908, c. 199, 35 Stat. 312, which declares:

"That if any member of the Five Civilized Tribes of one-half or more Indian blood shall die leaving issue surviving, born since March fourth, nineteen hundred and six, the homestead of such deceased allottee shall remain inalienable, unless restrictions against alienation are removed therefrom by the Secretary of the Interior in the manner provided in section one hereof, for the use and support of such issue, during their life or lives, until

April twenty-sixth, nineteen hundred and thirty-one; but if no such issue survive, then such allottee, if an adult, may dispose of his homestead by will free from all restrictions; if this be not done, or in the event the issue hereinbefore provided for die before April twenty-sixth, nineteen hundred and thirty-one, the land shall then descend to the heirs," etc.

The minor son is still living and, if he was born after March 4, 1906, it is conceded that the heirs took the land subject to the qualification and restriction imposed by the proviso (see *Parker* v. *Riley*, 250 U. S. 66), that there was no removal of the restriction by the Secretary of the Interior, and that the conveyances made by the heirs are void. But it is urged, first, that the evidence produced at the hearing shows that the minor son was born before, and not after, March 4, 1906, and, secondly, that, in any event, it was settled conclusively in a prior suit that he was born February 23, 1906.

The District Court found that the date of the son's birth was April 23, 1906, and the Circuit Court of Appeals acquiesced in that finding without particularly discussing the point in its opinion. The evidence has been examined and in our opinion it amply supports the finding.

The reliance on the decision in the prior suit is ill-founded. That suit was between the heirs and one who was claiming under these conveyances, the United States not being a party, and the decree therein pronounced the conveyances valid. This suit is brought by the United States in virtue of its interest in maintaining the restriction and safeguarding the Indians in the possession and enjoyment of the lands allotted out of the tribal domain. As yet the Indians have not been fully discharged from the guardianship of the United States. "During the continuance of this guardianship, the right and duty of the Nation to enforce by all appropriate means the restrictions designed for the security of the Indians cannot

be gainsaid. While relating to the welfare of the Indians, the maintenance of the limitations which Congress has prescribed as a part of its plan of distribution is distinctly an interest of the United States." *Heckman* v. *United States*, 224 U. S. 413, 437. See also *La Motte* v. *United States*, 254 U. S. 570. "And it is no longer open to question that the United States has capacity to sue for the purpose of setting aside conveyances of lands allotted to Indians under its care, where restrictions upon alienation have been transgressed. . . . Authority to enforce restrictions of this character is the necessary complement of the power to impose them. It necessarily follows that, as a transfer of the allotted lands contrary to the inhibition of Congress would be a violation of the governmental rights of the United States arising from its obligation to a dependent people, no stipulations, contracts, or judgments rendered in suits to which the Government is a stranger, can affect its interest." *Bowling* v. *United States*, 233 U. S. 528, 534–535. As the United States is here suing in its own interest, it is in no wise concluded by any matter, whether of fact or law, that may have been adjudged in the prior suit to which it was not a party.

*Decree affirmed.*