## CONNER et al. v. CORNELL et al. *

Circuit Court of Appeals, Eighth Circuit.
April 19, 1929.

No. 8166.

*Rehearing denied July 8, 1929.

William Neff, of Tulsa, Okl. (L. E. Neff, of Tulsa, Okl., on the brief), for appellants.

John Rogers, of Tulsa, Okl., and B. B. Blakeney, of Oklahoma City, Okl. (Blakeney & Ambrister, of Oklahoma City, Okl., and L. O. Lytle, of Sapulpa, Okl., on the brief), for appellees.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

KENYON, Circuit Judge. This is an appeal from a decree and judgment of the United States District Court for the Northern District of Oklahoma, granting a permanent injunction restraining appellants from proceeding further in a certain case pending in the district court of Creek county, Okl., brought by Abbie (also spelled Abby) Conner and Nettie Conner v. H. U. Bartlett et al.

The facts are these: Thomas Conner was a full-blood citizen of the Creek Nation and had received as his allotment the east one-half of the southeast quarter of section 4, and the east one-half of the northeast quarter of section 8, all in township 18 north, range 7 east, Creek county, Okl. He died intestate, leaving surviving him Abbie Conner (his widow), and Nettie Conner, Willie Conner, John Conner, and Thomas Conner, Jr., his children, all of whom were enrolled as full-blood citizens of the Creek Nation.

In September, 1911, Abbie Conner and Nettie Conner made and executed a warranty deed, which was duly approved by the county judge of McIntosh county, Okl., to H. U. Bartlett, of their interest in the real estate hereinbefore described, viz., the allotment of Thomas Conner.

In 1924 the United States instituted an equity suit in the United States District Court for the Eastern District of Oklahoma at the request of the Secretary of the Interior, and at the request of and in behalf of Nettie Conner, Willie Conner, John Conner, Thomas Conner, Jr., and Abbie Conner, against H. U. Bartlett et al., to set aside the deed made to said Bartlett of their interest in the allotment of Thomas Conner, deceased. The United States claimed in said action that the lands described therein as allotted to Thomas Conner were not subject to alienation and incumbrance, except by approval of the Secretary of the Interior after removal of restrictions therefrom or as otherwise provided by law; that the restrictions upon alienation on said land had never been removed by the Secretary of the Interior, and it asked that the deed executed by Abbie Conner and Nettie Conner et al. to H. U. Bartlett be adjudged void and that the same be canceled. This suit was transferred to the United States District Court for the Northern District of Oklahoma and was numbered cause No. 8 equity, and will so hereinafter be referred to. Pleas, answers, and cross-petitions were filed and issues joined. Subsequently the United States Attorney for the northern district of Oklahoma, acting under the authority and direction of the Attorney General of the United States, filed a written motion asking that the court dismiss said case, No. 8, with prejudice. On February 20, 1926, the United States District Court for the Northern District of Oklahoma dismissed the same with prejudice, its order reading as follows:

"Decree Dismissing Bill With Prejudice.

"Now, on this 20th day of February, 1926, at this term, this cause came on for hearing, upon the motion of the United States Attorney for the Northern District of Oklahoma to dismiss with prejudice the above entitled suit, and the court being fully advised that said attorney for this District is duly authorized in the premises.

"It is, therefore, ordered, adjudged and decreed that the bill of complaint of the above named plaintiff, heretofore filed herein and as amended, be and it is hereby dismissed, with prejudice to a future action.

"[Signed] F. E. Kennamer, Judge."

March 16, 1927, Abbie Conner and Nettie Conner instituted suit in the district court of Creek county, Okl., against H. U. Bartlett and the other appellees to set aside the deed made by them to Bartlett, and to recover their alleged interest in the allotment, hereinbefore described, of Thomas Conner, deceased, al-

leging that Abbie Conner inherited a dower interest, and Nettie Conner an undivided one-fourth interest in said property. This action related to the identical property at issue in the action brought by the United States in the United States District Court. Both of the actions set forth the same grounds as a basis for the cancellation of the deed executed by Abbie Conner, Nettie Conner et al. to H. U. Bartlett. The defendants in the action in the United States Court for the Northern District of Oklahoma were the same as the defendants in the action in the district court of Creek county, with the exception of certain defendants in the later action who obtained their interest by virtue of conveyances from defendant Rogers subsequent to the institution of said cause in the United States District Court for the Northern District of Oklahoma.

April 17, 1927, Robert Oglesby, H. U. Bartlett, and the other appellees herein, all of whom were defendants in the suit pending in the district court of Creek county, Okl., commenced this action against Abbie Conner, Nettie Conner, and their attorneys, William Neff and L. E. Neff, asking that the United States Court for the Northern District of Oklahoma enjoin these parties from further proceeding with said cause in the district court of Creek county, Okl., on the ground that all the questions, facts, and things alleged by complainants in that court had been fully adjudicated in the action in the United States District Court, and had become res judicata. Appellants filed answers in said cause denying the authority of the Department of Justice to cause the former case to be dismissed with prejudice to future action, and claiming they were not barred from the prosecution of the case in the district court of Creek county. Very little evidence was introduced, and on the 3d day of February, 1928, the court entered its decree making permanent a temporary injunction which it had theretofore issued as against appellants, Abbie Conner, Nettie Conner, William Neff, and L. E. Neff. By this decree appellants were enjoined and debarred from prosecuting said cause in the district court of Creek county, Okl., or from relitigating the questions involved in equity cause No. 8 in the United States District Court. Robert Oglesby, one of the appellees, is now deceased, and Herman D. Cornell, executor of the estate, has been substituted in his place.

█ It is apparent that the real question here is the effect of the dismissal with prejudice to a future action in cause No. 8 equity in the United States District Court for the Northern District of Oklahoma. That the United States, in its general supervision of its Indian wards and to protect them and their properties in pursuance of a national duty, has the right to invoke the equity jurisdiction of the federal courts and to bring an action to set aside conveyances claimed to be violative of restrictions upon alienation of Indian allotments is not a debatable proposition. In Sunderland v. United States, 266 U. S. 226, 233, 45 S. Ct. 64, 65 (69 L. Ed. 259), it is said: "we do not doubt the power of the United States to impose such a restraint upon the sale of the lands of its Indian wards, whether acquired by private purchase and generally subject to state control or not. Such power rests upon the dependent character of the Indians, their recognized inability to safely conduct business affairs, and the peculiar duty of the Federal Government to safeguard their interests and protect them against the greed of others and their own improvidence." Heckman v. United States, 224 U. S. 413, 32 S. Ct. 424, 56 L. Ed. 820; Bowling v. United States, 233 U. S. 528, 34 S. Ct. 659, 58 L. Ed. 1080; LaMotte v. United States, 254 U. S. 570, 41 S. Ct. 204, 65 L. Ed. 410; Privett v. United States, 256 U. S. 201, 41 S. Ct. 455, 65 L. Ed. 889.

Section 9 of the Act of May 27, 1908 (35 Stat. 315) is in part, as follows: "That the death of any allottee * * * shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir of such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee." This proviso restricts the allotment of the full-blood Indian heir to the extent that his conveyance must be approved by the court having jurisdiction of the settlement of the estate of the deceased allottee, and the Supreme Court of the United States has held in the case of Parker v. Richard, 250 U. S. 235, 39 S. Ct. 442, 63 L. Ed. 954, that this agency, namely, the proper state court, in exercising the authority conferred by this act, is acting as a federal agency. See, also, Marcy v. Board of Comm'rs, 45 Okl. 1, 144 P. 611.

█ The conveyance to H. U. Bartlett had been approved by the county court of McIntosh county, Okl., and the United States in its action claimed that fraud had been practiced upon that court. It is apparent that these heirs of Thomas Conner were under governmental restrictions in disposing of their land, namely, that the conveyance must

584

.be approved by the state court having jurisdiction of the estate of Thomas Conner. It is argued that Abbie Conner and Nettie Conner were not parties to the action brought by the United States in the federal court, and hence are not bound by its action. This is unavailing, and, in referring to the claim that the Indian wards had not been made parties in Heckman v. United States, 224 U. S. 413, 444, 32 S. Ct. 424, 434 (56 L. Ed. 820), the Supreme Court said: "This position is wholly untenable. There can be no more complete representation than that on the part of the United States in acting on behalf of these dependents—whom Congress, with respect to the restricted lands, has not yet released from tutelage. Its efficacy does not depend upon the Indian's acquiescence. It does not rest upon convention, nor is it circumscribed by rules which govern private relations. It is a representation which traces its source to the plenary control of Congress in legislating for the protection of the Indians under its care, and it recognizes no limitations that are inconsistent with the discharge of the national duty. When the United States instituted this suit, it undertook to represent, and did represent, the Indian grantors whose conveyances it sought to cancel. It was not necessary to make these grantors parties, for the Government was in court on their behalf. Their presence as parties could not add to, or detract from, the effect of the proceedings to determine the violation of the restrictions and the consequent invalidity of the conveyances. * * * And it could not, consistently with any principle, be tolerated that, after the United States on behalf of its wards had invoked the jurisdiction of its courts to cancel conveyances in violation of the restrictions prescribed by Congress, these wards should themselves be permitted to relitigate the question."

■ Was the dismissal in equity cause No. 8 with prejudice to a future action a bar to the suit in the district court of Creek county, Okl?

This court in Hickey v. Johnson, 9 F.(2d) 498, 501, quoted with approval Fowler v. Osgood (C. C. A.) 141 F. 20, 24 (4 L. R. A. [N. S.] 824), as follows: "A general judgment or decree of dismissal, without more, renders all the issues in the case res adjudicata, and constitutes a bar to any subsequent suit for the same cause of action. Hence, when a court dismisses a suit upon some ground which does not go to the merits of the cause of action, but leaves them open to consideration in another court, or at another time, or in another way, the decree of dismissal must expressly adjudge that it is rendered for the specific reason upon which it is based, or must expressly provide that it is made without prejudice," and held that a decree sustaining a demurrer and entering a judgment dismissing the bill of complaint is presumed to be a judgment on the merits. Again in Ledbetter v. Wesley, 23 F.(2d) 81, this court held that a general decree of dismissal in an equity cause was a decision on the merits. In Durant v. Essex Co., 7 Wall. 107, 109 (19 L. Ed. 154), the court said: "The decree dismissing the bill in the former suit in the Circuit Court of the United States being absolute in its terms, was an adjudication of the merits of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties. A decree of that kind, unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. Where words of qualification, such as 'without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits."

The court was careful in the present case to provide that the action was dismissed with prejudice to future action. These words certainly have a meaning and show that the court was passing on the merits of the case, and felt that the United States had no ground for any relief in behalf of said Indian wards. It did not dismiss on the ground of want of parties or want of jurisdiction. The dismissal was evidently on the merits, for it cannot be presumed that the United States was not acting for the best interests of its wards.

The statutes of Oklahoma make provision with reference to dismissals with and without prejudice to future action, sections 664 and 665, Okl. Comp. Stat. of 1921. Those provisions are taken from the statutes of Kansas. Section 665, referring to dismissal without order of court, contains the following: "Provided, such dismissal shall be held to be without prejudice, unless the words 'with prejudice' be expressed therein."

In Hargis v. Robinson, 70 Kan. 589, 594, 79 P. 119, 121, where the trial court had dismissed a case with prejudice, the Supreme Court said: "A dismissal under our practice differs from some of those suggested by plaintiffs in error in this: that it is a judicial act, rather than the act of the party. Whether 'with prejudice' or 'without prejudice,' it is in the nature of a judgment; and a judgment

'with prejudice,' not set aside or reversed, is a final disposition of the controversy." Hence, under the Oklahoma law a dismissal with prejudice would be a determination on the merits and a final disposition of the controversy. In view of the holdings of the Supreme Court of the United States and of this court, there can be no controversy over the proposition that the judgment of dismissal of equity cause No. 8 in the federal court with prejudice was a determination of the merits of the case, and would operate as a bar to relitigation between the same parties of the questions involved in that case.

Counsel for appellants suggests that there was no authority in the District Attorney to move for a dismissal. The following letter was the basis of his action: .

"Department of Justice
"Washington, D. C.
                                    FKF-MDB
            "February 13, 1926.
"John M. Goldesberry, Esq. United States
    Attorney, Tulsa, Oklahoma.

"Re: U. S. v. H. U. Bartlett et al.

"Sir: You are hereby authorized and instructed to dismiss, with prejudice, the above entitled case. Kindly advise me when you have taken this action, and enclose for our files two copies of order of dismissal. .

    "Respectfully,
"For the Attorney General,
            "B. M. Parmenter,
            "Assistant Attorney General."

The court found that the District Attorney was duly authorized to dismiss the case. No fraud was claimed as to said dismissal. The court's finding as to the authority of the District Attorney to ask for dismissal on the part of the government certainly would raise a presumption of authority, and there is nothing in the record to overthrow such presumption. Regardless of this, however, we are satisfied the Attorney General of the United States, acting for and on behalf of the government of the United States, as the head of its legal department, and having charge of the legal business of the government, had the right to request a dismissal of the case. The litigation of the government, unless otherwise provided by the Congress, is under his control. It is his duty to supervise the conduct of suits brought by the United States, and this covers suits brought to protect the Indian wards of the government. It is not necessary whenever a case brought by the government should be dismissed to have an act of Congress therefor. Some power must exist somewhere to advise a court that the government desires to terminate a case brought by it if it becomes satisfied that it should not be further pursued. We are satisfied the Attorney General had the authority to request dismissal of the case on behalf of the government, and the court had the right to enter judgment of dismissal. In Kern River Co. v. United States, 257 U. S. 147, 155, 42 S. Ct. 60, 63 (66 L. Ed. 175), the court said: "In the absence of some legislative direction to the contrary, and there is none, the general authority of the Attorney General in respect to the pleas of the United States and the litigation which is necessary to establish and safeguard its rights affords ample warrant for the institution and prosecution by him of a suit such as this." Mullan v. United States, 118 U. S. 271, 6 S. Ct. 1041, 30 L. Ed. 170; United States v. San Jacinto Tin Co., 125 U. S. 273, 8 S. Ct. 850, 31 L. Ed. 747; United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121.

In United States v. Parker, 120 U. S. 89, 7 S. Ct. 454, 30 L. Ed. 601, the court held that the decree of dismissal in the prior action constituted a bar to a second action by way of estoppel. The court upon motion of defendant's attorneys, which was agreed to by the United States Attorney, had dismissed the first action on the ground that the subject-matter of the suit had been adjusted and settled by the parties, and the court said that was equivalent "to a judgment that the plaintiff had no cause of action, because the defense of the defendant was found to be sufficient in law and true in fact."

It is suggested also that the Secretary of the Interior had not requested the dismissal of the case. Without determining whether or not that was necessary, we may say that the record does not show that he did not request the suit to be dismissed, nor does the record show that Abbie Conner and Nettie Conner did not request the suit to be dismissed. It is interesting in this connection to note the language in the Supreme Court in Heckman v. United States, supra, referring to the Indian wards, viz.: "The cause could not be dismissed upon their consent; they could not compromise it; nor could they assume any attitude with respect to their interest which would derogate from its complete representation by the United States. This is involved necessarily in the conclusion that the United States is entitled to sue, and in the nature and purpose of the suit." The burden was on appellants to show want of authority on the part of the District Attorney to request dismissal and on the part of the court to

enter such dismissal. They have failed to carry the burden. The evidence of one of the counsel for appellants shows that he was not advised that the case was to be dismissed, nor was he consulted about it. While it would seem a matter of courteous custom to have advised counsel that such a proceeding was contemplated, it is of course not absolutely essential. If the authority existed in the Attorney General of the United States to direct the United States District Attorney for the Northern District of Oklahoma to move for dismissal, and if the court was satisfied as to the authority of the United States Attorney, it was justified in entering the judgment of dismissal.

We are satisfied that under this record the decree and judgment of dismissal in equity suit No. 8 brought by the United States in the federal court was a bar to the litigation of the matters set forth in the suit brought by appellants, Abbie Conner and Nettie Conner in the district court of Creek county, Okl.

The decree and judgment of the trial court enjoining appellants from proceeding with that case was correct, and the same is affirmed.