444

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1932.

Clement E. Dunbar, of Augusta, Ga., for appellant.

Wm. H. Fleming, of Augusta, Ga., and Chas. L. Redding, U. S. Atty., of Savannah, Ga., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

In this case the record is not as complete and satisfactory as it might be. However, the following material facts are shown without dispute: Willie Ramsey enlisted in the Army and obtained a policy of war risk insurance in the sum of $10,000 from the Unit-

ed States. The policy was made payable to Anna Ramsey, his mother, and Charlotte Ramsey, designated in his application as his common-law wife, as joint beneficiaries. The insured died on October 7, 1918, and thereafter his brother, Daniel Ramsey, appellant herein, was appointed administrator of his estate. Apparently the mother had died in the meantime, and the administrator applied to the Veterans' Bureau and received the commuted value of one-half of the policy, some $2,839. Thereafter another brother, Earl Ramsey, brought a suit against the administrator in the superior court of Richmond county, Ga., for an accounting. Charlotte Ramsey intervened in that suit, setting up that she was the common-law wife of the deceased, therefore his sole heir, and entitled to receive the residue of his estate. Judgment was rendered against Charlotte Ramsey in that case holding that she was not the common-law wife of the insured. On appeal this judgment was affirmed by the Supreme Court of Georgia. Ramsey v. Ramsey, 174 Ga. 605, 163 S. E. 193. After the decision in the lower state court, this suit was brought against the United States, under the provisions of title 38, § 445, USCA, by Daniel Ramsey as administrator. Charlotte Ramsey was made a party defendant. Charlotte Ramsey had been recognized by the United States as a legal beneficiary under the policy, and monthly payments had been made to her. Appellant waived any claim to what had been paid, and sued only for the commuted value of the balance. The administrator pleaded res adjudicata as against both defendants, based on the judgment in the state court. The plea was sustained as to Charlotte Ramsey and overruled as to the United States. In the course of the proceedings, appellant sought to introduce in evidence a transcript of the suit in the state court, for the purpose of proving that Charlotte Ramsey was not the common-law wife of the insured. On objection of the United States, this evidence was excluded. Other evidence tending to show that Charlotte Ramsey was in fact the common-law wife of the soldier was admitted over objection.

At the close of the evidence, the case was submitted to the jury, apparently on a special issue, but this is not quite clear. At any rate, a verdict was rendered by the jury holding that the United States was liable to Charlotte Ramsey as the common-law wife of Willie Ramsey. On this verdict a judgment was entered in favor of Charlotte Ramsey against the United States for certain overdue and unpaid monthly installments and for the balance of the installments as they would become due. This appeal followed. Error is assigned to the exclusion of the transcript of the proceedings in the state court and to the admission of other evidence on behalf of the United States tending to show that Charlotte Ramsey was in fact the common-law wife of the soldier.

It is contended, by appellant that this suit is in the nature of a bill of interpleader filed by the United States; that the United States is a mere stakeholder, without any interest in the outcome of the suit; that the judgment in the state court holding that Charlotte Ramsey was not the common-law wife of Willie Ramsey was a judgment in rem binding upon all the world; and that the plea of res adjudicata should have been sustained as to the government.

The government might have filed a bill of interpleader, under the provisions of the statute above cited, but did not do so. The suit brought by appellant was a direct action against the United States to establish liability on the part of the government as to him. It is an elementary principle of res adjudicata that, in order to work an estoppel, the judgment relied upon must be rendered in a suit between the same parties or their privies. The United States was not a party to the suit in the state court and not interested in its outcome. The United States has a real and substantial interest, beyond that of a mere stakeholder, to in good faith protect the beneficiary named in a policy of war risk insurance and to make payment according to the contract. The government was not bound by the judgment in the state court. Privett v. U. S., 256 U. S. 201, 41 S. Ct. 455, 65 L. Ed. 889.

Other errors are assigned, but they are inconsequential, and require no discussion.

The record presents no reversible error.

**Affirmed.**