## SOURINO v. UNITED STATES.*
### No. 8208.

Circuit Court of Appeals, Fifth Circuit.
Nov. 17, 1936.

*Writ of certiorari denied 57 S. Ct. 491, 81 L. Ed. ——.

Henry A. Alexander, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., J. Ellis Mundy and Harvey H. Tisinger, Asst. U. S. Attys., and H. T. Nichols, Sp. Atty., Department of Justice, all of Atlanta, Ga., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree canceling appellant's certificate of naturalization, upon findings that it had been fraudulently and illegally procured. The proceeding was in accordance with section 405, title 8, of the United States Code (8 U.S.C.A. § 405). It was instituted by the District Attorney after an indictment under section 414 of said title (8 U.S.C.A. § 414) for fraudulent procurement of his naturalization had resulted in a verdict of not guilty and a judgment discharging appellant.

It indubitably appears that at the time of making application for final papers appellant was a married man with a wife and two children in Rhodes, Asia Minor, which facts were fraudulently misrepresented in his application in that he claimed to be single. He further admits a false representation in his application to the effect that he had resided continuously in the United States for more than six years prior thereto.

To the proceeding to cancel, appellant filed an answer setting out that an indictment in three counts had been filed against him in the same court, charging the making of a false affidavit, the giving of false testimony, and the fraudulent procurement of naturalization; that cancellation of the certificate would have followed conviction on this indictment, but that he had been acquitted, and the matter was, therefore, res adjudicata. To this answer a motion to strike was filed, assigning as grounds that neither the cause of action nor the issues involved were the same, that the verdict of acquittal in the criminal proceeding had been directed by the court because the prosecution was barred by limitation of time, and that no bar was applicable to naturalization proceedings. This motion was overruled. Thereafter, the term of court adjourned and a new term began, at which a response was filed to the answer on which the court heard testimony that the acquittal was on the bar of the statute of limitations, overruled the answer, and, on consideration of the evidence, entered the decree of cancellation.

It is immaterial that the term at which the order overruling the motion to strike was made had expired when the final decree was entered. The matter was still before the court and required the entry of a final decree adjudicating the controversy. Davis v. Virginia Railway & Power Co. (C.C.A.) 229 F. 633, 638. All prior orders were merged into the final decree and any inconsistent orders or provisions thereof were superseded by it. The prior order on the motion to strike did not settle the law of the case to the exclusion of any change or modification by subsequent action of the court. Banks v. American Traction Society, 4 Sandf. Ch. (N.Y.) 438, 462.

The principal issue for our determination is the sufficiency of the plea of res adjudicata, to sustain which it is essential, among other things, either that the cause of action be the same or that the exact point was in issue and decided. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Bissell v. Spring Valley Township, 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411; De Sollar v. Hanscome, 158 U.S. 216, 15 S.Ct. 816, 39 L.Ed. 956; Kelliher v. Stone & Webster (C.C.A.5) 75 F.(2d) 331.

This proceeding to cancel appellant's certificate of naturalization is not the same cause of action as the prosecution by indictment referred to, but is an additional remedy for correcting an error in the original proceeding granting naturalization. It was "designed to afford cumulative protection against fraudulent or illegal naturalization." United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 121, 62 L.Ed. 321; United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738.

The fact that naturalization may be revoked as an incident to conviction of fraudulent or illegal procurement thereof does not give the required identity to the two proceedings or to the things previously sought to be obtained by them; nor does it appear that any issue here in controversy was adjudicated in the criminal prosecution where the sole issue was the bar of the statute of limitations.

It follows that the facts shown by this record do not sustain a plea either of res adjudicata or of estoppel by judgment. Stone v. United States, 167 U.S. 178, 17 S. Ct. 778, 42 L.Ed. 127, distinguishing Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. See, also, Sanden v. Morgan (D.C.) 225 F. 266; Privett v. United States (C.C.A.) 261 F. 351, decree affirmed 256 U.S. 201, 41 S.Ct. 455, 65 L.Ed. 889; The Theodore Roosevelt (D.C.) 291 F. 453; Aycock v. O'Brien, (C.C.A.) 28 F.(2d) 817; Donald, Collector, v. White Lumber Co. (C.C.A.5) 68 F.(2d) 441. Accordingly, the decree of the court below is affirmed.