No. 33,972

L. L. MOORE, *Appellee*, v. W. O. BROOKS, *Appellant*.

(84 P. 2d 864)

Opinion filed December 10, 1938.

*David Ritchie* and *C. L. Clark*, both of Salina, for the appellant.

*J. S. Parker, C. E. Birney*, both of Hill City, and *L. A. McNalley*, of Minneapolis, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment in favor of plaintiff on a rental contract.

Plaintiff owned a store building in Oakley. Defendant leased it for a term of 18 months to begin on May 15, 1933, and to end on November 14, 1934. The stipulated rent was $60 per month, payable on the 15th day of each month.

Defendant entered into possession and paid rent for four months, but he made default on the rent due on August 15, 1933, and paid nothing thereafter.

Predicated on that default, on July 16, 1934, plaintiff brought an action in the district court of Ottawa county (referred to herein as case No. 6508) for the amount of rent *then due;* and on February 5, 1935, or March 9, 1935 (the record is equivocal as to the date), judgment for $600 was rendered in plaintiff's behalf, which was the amount of rent due for ten months.

The present action was begun on May 17, 1937, for the defaulted rent which thereafter accrued to the expiration of the term of the lease, November 14, 1934. The amount prayed for was $240.

Defendant's answer to the petition contained a general denial, pleaded the facts of the prior action (case No. 6508) and set out a copy of the judgment rendered therein; and alleged that—

". . . the cause of action set out . . . in said case No. 6508 was exactly the same cause of action that is set out in the petition in the . . . [instant] . . . cause, and was for the same breach of the same contract and for damages for the same breach of the same contract as is set out in the petition in the above-entitled cause. Said defendant further alleges that all of the matters and things set out in the plaintiff's petition in the above-entitled cause as between the said plaintiff and the defendant in said case No. 6508, has been fully adjudicated and determined and that the same is now *res judicata.*"

To this answer plaintiff filed a demurrer, which was sustained, and the propriety of that ruling is the subject of this appeal.

It is defendant's present contention that defendant abandoned the premises in October, 1933, and that plaintiff there and then accepted a surrender of the leased property; that thereafter his only cause of action was for damages for breach of the lease contract; and that those damages were determined in the first lawsuit, case No. 6508. But the record does not bear out the contention that plaintiff accepted a surrender of the property. In case No. 6508 the trial court made a specific finding, which reads:

"On the 16th day of October, 1933, after an exchange of letters between plaintiff and defendant in which correspondence defendant informed plaintiff that he, the plaintiff, might repossess the premises, defendant sent the plaintiff, by mail, the keys to the Oakley store building hereinbefore described. The plaintiff taking this act of the defendant as a notice that it was the purpose of the defendant to abandon the lease premises and to terminate the lease, at once began looking around for a tenant for said Oakley store building. Plaintiff did all that he could to find such a tenant and to minimize whatever damages he might sustain by reason of defendant's failure and refusal to make any further payments of rent. Plaintiff was able to find a tenant for only one day during the period covered by the lease, and from him he received as the rent the sum of $10 and no more. Copies of said letters are hereto attached as plaintiff's exhibits 2 and 3."

The letters to which the quoted finding referred ran as follows:

*"W. O. Brooks:* 10/5 [1933].

"DEAR SIR—I have your letter in regard to the rent due me. I think this building could be rented again, but I'm not in a position to rent it with the

lease you have. If you will pay your rent up to date and write me to go ahead and rent the building I will try and help you to get out with as little loss as possible.                                        L. L. MOORE."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"*L. L. Moore,* . . .:                                        OCT. 16, '33.

"DEAR SIR—Am sending the keys to your building and there is nothing to hinder you from going ahead and renting the building.      W. O. BROOKS."

While the question of defendant's abandonment of the premises and of plaintiff's acceptance of their surrender was apparently raised or at least suggested in case No. 6508, it is rather to be inferred from the court's finding quoted above that the defense of abandonment and acceptance was not sustained. Although the correspondence between the litigants which is incorporated by reference in the court's finding is not before us for our independent consideration in this appeal, it does aid us to gauge the proper significance to be attached to the finding and judgment of the district court in case No. 6508. Manifestly that judgment was for the rent that had then accrued, nothing more. And that is exactly what the court allowed. If it had been regarded as a full and final adjudication, including any further anticipated breach of contract, it would have taken that $10 item into account in its judgment. Certainly we cannot now declare that the trial court in the first action erred in not attaching the legal significance of abandonment of the premises and their acceptance by plaintiff to the isolated fact that plaintiff attempted to minimize his damages by renting the property for one day for which he received $10.

In the present case our concern is with the matters pleaded in defendant's answer—the subject matter of the first lawsuit (case No. 6508), and whether this present lawsuit is the same as the earlier one, and that in consequence its subject matter was *res judicata.* We think it is manifestly clear that the subject matter of the present action was not the same as in the earlier case. There the suit was for the unpaid rent which had then accrued. The present action was for the rent due for the remainder of the term for which the property was leased.

The judgment is affirmed.