**UNITED STATES v. BRIDGES et al.**

No. 32117-R.

United States District Court
N. D. California, S. D.

Nov. 28, 1949.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., R. B. McMillan, Deputy U. S. Atty., San Francisco, Cal., F. Joseph Donohue, Sp. Asst. to Atty. Gen., John P. Boyd, Jr., Sp. Asst. to Atty. Gen., George R. Gallagher, Sp. Atty., Department of Justice, Washington, D. C., for plaintiff.

Hallinan, MacInnis & Zamloch, by Vincent Hallinan, James Martin MacInnis, San Francisco, Cal., William F. Cleary, San Francisco, Cal., for defendants.

HARRIS, District Judge.

During the course of the examination of the witness, John H. Schomaker, produced by the prosecution, the following occurred:

"Mr. Donohue: Q. Under the ruling of his Honor will you tell his Honor and the members of the jury your recollection of the conversation had at the time you and Herman Mann were present with Mr. Bridges at Mr. Bridges' home?

"The Court: Have you specified the date?

"Mr. Donohue: Q. Did you state the date earlier? A. It was in—it was in the latter part of October, 1933.

Mr. Hallinan: Now, your Honor, I want to make the objection which I said goes to a disposition of the case, or a disposition of a large part of any possible proof that this witness might introduce hereafter. While your Honor has ruled on certain matters as to their legal significance, in the matter of the decision itself, there is another matter that is involved in the same thing. While a decision may not constitute once in jeopardy or a final judgment, still matters that have been decided in it are res adjudicata. Now, res adjudicata is not a question addressed to the Court alone. Res adjudicata, as you will bear me out, is a mixed question of law and fact and addressed to the jury, and while it has been held error, and reversible error, for the Court not to permit the offer of res adjudicata to be made in the presence of the jury, still in deference to other discussions that have taken place, I suggest that we be permitted now to make the objection and make a tender of proof on the judgment that I have discussed here, that is, the Supreme Court decision of 1945, to limit any testimony relating to any possible membership in the Communist Party of Mr. Bridges from June 1945 to the time that the naturalization proceedings took place, which would be in August. I would like to make that in a formal manner, and I would like to be heard to argue on it. Mr. Cleary has prepared an argument on it. It will take some little time to present, and if your Honor would permit us to do that—if you wish, we will make the offer in the presence of the jury. If you would prefer, let the Jury stand by or be excused until two o'clock."

The basis for the objection is that the decision of the Supreme Court in Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103, has decided the question of alleged membership of the defendant, Bridges, in the Communist Party. Accordingly, it is said this Court is foreclosed from again considering this point.[1]

The problem is now posed specifically by pertinent objection to the introduction of

evidence bearing upon this particular factual issue. Counsel for the defendant concedes that there has been no double jeopardy within the meaning of the Fifth Amendment to the Constitution, but claims that the prosecution is now foreclosed from introducing evidence with respect to Bridges' alleged membership in the Communist Party, during the years from 1933 and following, on the basis that the Supreme Court in Bridges v. Wixon, supra, finally passed upon this factual consideration.

Proceeding to the issue which obtained in Bridges v. Wixon, supra, it is apparent, from even a casual reading of the decision, that there is no merit to defendant's contention that the Supreme Court finally passed upon the said issue of membership in the Communist Party. The majority opinion did not declare that the evidence, given its full weight, was insufficient as a matter of law. To the contrary, the Court held that evidence had been admitted improperly and in violation of regulations intended as procedural safeguards. Under such circumstances the Court did not declare on the evidence, but rather upon the admissibility of certain unsworn statements emanating from one O'Neal. It appeared, therefore, that the crucial finding by the Attorney General was arrived at in reliance upon incompetent evidence in violation of a regulation of a department, designed to insure fair hearings and to safeguard the rights of aliens. The Supreme Court's opinion is not res adjudicata of the issue challenged by the defense. Pearson v. Williams, 202 U.S. 281, 26 S.Ct. 608, 50 L.Ed. 1029; Harris v. Biszkowicz, 8 Cir., 100 F.2d 854, 856.

The key to the Supreme Court's reasoning in granting the writ of habeas corpus may not be extracted from broad generalizations, but is to be found in statements appearing on pages 154 and 156 of the opinion in 326 U.S. and at page 1453 of 65 S. Ct.; 89 L.Ed. 2103, and culminating with this very cogent language: "Since it was error to admit O'Neil's unsworn statements

[1]. Heretofore on the Motion to Dismiss, this Court heard elaborate arguments on the question of "double jeopardy" and "res adjudicata" and decided these legal issues in bar, among others, against the defendants. United States v. Bridges, D.C., 86 F.Supp. 922.

**16**

against Bridges, since they were so crucial to the findings of membership, and since that issue was so close, we are unable to say that the order of deportation may be sustained without them."

■ To sustain the plea of res adjudicata, it is essential, among other things, either that the cause of action be the same or that the exact point was in issue and decided. See Sourino v. United States, 5 Cir., 86 F.2d 309, 310. The cause of action in the present case is distinct from that in the deportation proceeding while the point decided by the Supreme Court in the prior proceeding was one of procedure and practice and was not upon the merits. See 50 Corpus Juris Secundum, Judgments, Sec. 696; Clegg v. United States, 10 Cir., 112 F.2d 886, 887; Gilbert v. American Surety Co., 7 Cir., 121 F. 499, 501.

Accordingly, it is ordered that the objections interposed be and the same hereby are overruled.