Warren **BOWKER**, Plaintiff,

v.

**PANHANDLE EASTERN PIPE LINE COMPANY**, a corporation, Defendant.

No. KC–1178.

United States District Court
D. Kansas.

Jan. 29, 1959.

714

A. E. Kramer and Bernard Nordling, Kramer & Nordling, Hugoton, Kan., and Dale M. Stucky, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for plaintiff.

Jeff A. Robertson, Kansas City, Mo., and Russell Voertman, Kansas City, Mo., for defendant.

STANLEY, District Judge.

The plaintiff is the owner of a certain mineral interest in land located in Morton County, Kansas, and is a resident and citizen of the State of Colorado. The defendant is the owner of an oil and gas lease which covers the land, and is a citizen of the States of Delaware and Missouri for purposes of determining jurisdiction in the federal courts.

The plaintiff brought this action in the District Court of Morton County, Kansas, wherein he sought to recover additional royalties, which he alleges to be due him under the terms of the lease, for the period of time from September 1, 1956, through July 31, 1958. During this period the defendant produced and marketed off the premises 5,778,912 MCF of gas, and the defendant was paid royalty on a basis of 12¢ per MCF, amounting to $21,670.92. The lease provides:

"4. Lessee shall pay lessor monthly as royalty on gas marketed from each well where gas only is found, one-eighth (⅛) of the proceeds if sold at the well, or, if marketed by lessee off the leased premises, then one-eighth (⅛) of the market value at the well."

It is the plaintiff's claim that since there were no sales of gas at the well and the gas was marketed off the leased premises, then he is entitled to a royalty based on the "fair and reasonable" value of such gas at the well, there being no "free or open market or market value for said gas at the well." In this connection plaintiff claims that the "fair and reasonable" value of the gas at the well during the period in question was 16.1¢ per MCF and not the 12¢ per MCF used by the defendant as a basis for determining the amount of royalty paid plaintiff. The amount of the alleged indebtedness is $7,404.23.

The defendant filed a petition for removal to this court, claiming that the jurisdictional amount was involved in the suit although the plaintiff's prayer was for less. The basis of the defendant's contention is found in its statement that "the real intent and purpose of said suit is to establish or declare a market value for royalty purposes of at least 16.1¢ per MCF for all gas heretofore or hereafter produced and marketed from said well under said lease." By estimating the recoverable reserves as of August 1, 1958, the royalty interest owing and to be owed to the plaintiff is alleged by the defendant to exceed the sum of $10,000, thus giving the federal court jurisdiction.

The plaintiff has filed a motion to remand, disputing the defendant's claim that the required jurisdictional amount is in controversy.

What is the nature of the action brought by the plaintiff? By paragraph 8 of his petition plaintiff claims that he is entitled to a royalty based upon the

fair and reasonable value of the gas at the well as provided by the lease. Paragraph 8 of the petition reads:

"8. Plaintiff alleges that there was no sale of gas at the mouth of the well, but that the gas was marketed by defendant off the leased premises, that there was no market or market price for said gas at said well and that there was no free or open market or market value for said gas at the well, and that by reason thereof plaintiff is entitled to a royalty of a full one-thirty second of the fair and reasonable value of such gas at the wellhead, including the value of all of the elements above stated constituting such wellhead gas."

In paragraphs 9 through 13 of the petition, plaintiff sets forth his claim as to what the reasonable value of the gas would be; that defendant has refused to pay any royalties upon this basis; and that the defendant is indebted to plaintiff for the amount claimed, $7,404.-23.

A determination by this court that the value of the gas at the well was 16.1¢ per MCF would not be binding upon the parties as to any future payments due the plaintiff for gas marketed under the terms of the lease. The circumstances and conditions which must be considered in arriving at the "value" of gas marketed in the future may, and quite likely will, change. Only if there were no change in any of these elements could the decision be *res judicata* between the parties or would an estoppel be created. Privett v. United States, 8 Cir., 1919, 261 F. 351, affirmed 1921, 256 U.S. 201, 41 S.Ct. 455, 65 L.Ed. 889; Water, Light & Gas Co. v. City of Hutchinson, 8 Cir., 1908, 160 F. 41, 19 L.R.A.,N.S., 219.

The present action is somewhat analogous to that considered in Moore v. Brooks, 1938, 148 Kan. 738, 84 P.2d 864, 865. In the Moore case a lessor had brought an earlier suit to recover for rent then due under a lease and judg-

ment was rendered in his behalf. Later he brought suit to recover the rent which had accrued from the date of the first suit until expiration of the lease. The Supreme Court of Kansas found that the first suit did not operate either as an estoppel or as *res judicata*. The court stated:

"We think it is manifestly clear that the subject matter of the present action was not the same as in the earlier case. There the suit was for the unpaid rent which had then accrued. The present action was for the rent due for the remainder of the term for which the property was leased."

In Kortz v. Guardian Life Ins. Co., 10 Cir., 1944, 144 F.2d 676, 678, certiorari denied, 1944, 323 U.S. 728, 65 S.Ct. 63, 89 L.Ed. 584, the court found that a previous action brought to recover disability benefits accrued up to March 21, 1939, was not a bar to a subsequent action to recover benefits accruing after March 21, 1939. The court said:

"The cause of action in the two cases not being identical, and the question of the disability after March 21, 1939, not being litigated and determined in the former action, the judgment fails to constitute either res judicata or estoppel here. United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 70 A.L.R. 1447, certiorari denied 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639."

It is clear that any action brought by either party at a future date would not be barred by the present action, the subject matter not being identical.

Before deciding whether the claimed debt exists, and the amount owed, if any, by the defendant, a court necessarily would have to define "value." It would not be a matter of hearing evidence as to the value of the gas at the well alone, but would require a determination of what value is to be considered: a "fair and reasonable" value or "market value at the well" as provided in the lease

agreement. It is the contention of the defendant that the request of the plaintiff for a determination of this preliminary question is to be likened to a declaratory judgment action—that it "is in essence an action in whole or in part for a declaratory judgment." Is the plaintiff seeking to establish the right to recover royalties on a new and different standard than that prescribed in the lease?

The royalty clause of the lease establishes two different bases for determining the amount of royalty which the lessor is to receive. The first apparently is not applicable because of the plaintiff's allegations that the gas is being sold off the leased premises. The second clause provides that when sales are made off the premises the lessor is to receive a royalty based upon market value at the well. Plaintiff has alleged in his petition that there is no market value at the well on the gas which is being produced. Assuming this allegation to be true, and it is not controverted by the defendant in his petition for removal, there is no basis provided by the specific terms of the contract by which the royalty is to be computed.

In Phillips Petroleum Co. v. Bynum, 5 Cir., 1946, 155 F.2d 196, the court indicated that "reasonable value" could be used when the contract provisions with respect to the fixing of the compensation could not be carried out. No cases have been found which indicate a difference in the meaning of the terms "market value" and "reasonable value." In the Bynum case the royalty was, by the provisions of the lease, to be based upon market price, and in the opinion of the court market price and market value could be considered as synonymous when there is no market price. See also Shamrock Oil & Gas Corporation v. Coffee, 5 Cir., 1944, 140 F.2d 409.

It is my opinion that the action brought by the plaintiff in the state court was a contract action and not a declaratory judgment action as contended by the defendant. The plaintiff is not attempting to create a standard for computation of royalty which is not within the terms of the lease.

In the brief filed by the plaintiff, reference is made to the terms of the lease and to the provision that royalty in this instance is to be based upon "market" value. This does not appear to be an attempt on the part of the plaintiff to create a new standard, but rather to recover the amount claimed to be owing as the unpaid balance of the "market value" of the gas taken from the wells on the plaintiff's property. The "market value" of the gas is dependent not only upon many economic factors, but also upon the nature of the gas itself, the existence or non-existence of impurities, etc. Therefore, even if this court were to determine that the value should be 16.1¢ per MCF for the period involved, this would not mean that such value would remain constant in the future, or even that it would be in effect at this date. The reserves which have not yet been brought to the surface and the market value of such reserves would not be affected by the court's decision on the question presented in this case, and any royalty interest which the plaintiff would have in these reserves should not be considered in determining the jurisdictional amount in the controversy.

The amount involved in this action is determined by the prayer of the petition and is $7,404.23. Since this does not meet the requirements of 28 U.S.C.A. § 1332, as amended, this cause should be remanded to the District Court of Morton County, Kansas.

It is so ordered.

Counsel will prepare and submit an appropriate order.