## LYON v. PERIN AND GAFF MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF INDIANA.

No. 201.   Argued April 2, 1888. — Decided April 16, 1888.

A final decree in a suit in Equity that "the cause being submitted to the court upon bill, answer and replication, and having been duly considered, the court finds, adjudges and decrees that the equities are with the defendant" and dismissing the bill, is an adjudication on the merits of the controversy and constitutes a bar to further litigation on the same subject between the parties; and it is not open to the complainant to show in a subsequent suit in equity between the same parties, on the same cause of action, that the decree was made in his absence and default, and that no proof had been filed in the cause on either side.

THE following is the case, as stated by the court.

This is a suit in equity brought in the Circuit Court of the United States for the District of Indiana by Nelson Lyon against The Perin and Gaff Manufacturing Company, praying an injunction and damages for an alleged infringement of reissued letters-patent No. 9198, dated May 11, 1880, owned by complainant, for an improvement in "metallic stiffeners for boot and shoe heels."

The bill of complainant, after the usual recitals necessary in a suit of this character, among other things, sets forth that before the commencement of this action, to wit, in September, 1881, complainant having been informed and believing that the defendant was manufacturing an instrument which infringed said reissued letters-patent, filed his bill in equity against the said defendant in the United States Circuit Court for the Southern District of Ohio to restrain said defendant from further infringement; that the company appeared therein and answered, setting forth, among other things, the defence that said reissued letters-patent was invalid for want of novelty in the invention, and was not granted in accordance with law, denying also that the instrument used infringed the said

reissued letters-patent, and denying that complainant was entitled to any of the relief therein prayed, to which answer complainant filed his replication; that the statutory time for taking testimony having expired, and an extension thereof not having been granted, and the complainant not having been able to get the proof of the infringement in time, no evidence of the facts, matters, or things alleged in his complaint was offered or taken, and upon the call of the case before the court, counsel for complainant not appearing, a decree was entered, dismissing the bill; and that none of the issues were tried, and no decision rendered on the merits thereof, the suit having been dismissed merely for want of prosecution.

The defendants interposed a plea that the prior adjudication and decree of the suit mentioned in said plea (which is the same suit set forth in said bill of complaint) is a bar to the present suit. The court below found the plea to be good and sufficient; thereupon complainant filed his replication. The cause being at issue was referred to a master in chancery to take testimony, and to return the same into court with his conclusion of law thereon. Testimony was taken, and the master made and filed his report, in and by which said master concluded, as a matter of law, that the decree mentioned in said plea stands as an absolute adjudication of the rights of the parties upon the merits, and reported and found that the averments of the plea were sustained by the evidence.

Exceptions to said master's report having been overruled by the court and the report confirmed, a decree was entered that the defendants' plea was well taken in law and sustained by the proofs, and the bill was dismissed. An appeal from this decree brings the case here.

*Mr. William H. King* for appellant cited: *Allen* v. *Blunt,* 2 Robb Pat. Cas. 288; *S. C.* 3 Story, 742; 1 Greenleaf Ev., Redfield's ed. 563, § 528; *Cromwell* v. *Sac County,* 94 U. S. 351; *Buerk* v. *Imhaeuser,* 10 O. G. 907; *De Florez* v. *Raynolds,* 16 Blatchford, 397, 408; *Rumford Chemical Works* v. *Hecker,* 2 Bann. & Ard. Pat. Cas. 351; *American Diamond Rock Boring Co.* v. *Sheldon,* 4 Ban. & Ard. Pat. Cas. 551; *Car-*

*rington* v: *Holly*, 1 Dickens, 280; *Rosse* v. *Rust*, 4 Johns. Ch. 299; *Badger* v. *Badger*, 1 Cliff. 237; *Porter* v. *Vaughn*, 26 Vermont, 624; *Russell* v. *Place*, 94 U. S. 606; *Bank of the United States* v. *Beverly*, 1 How. 134; *Hughes* v. *United States*, 4 Wall. 232; *Walden* v. *Bodley*, 14 Pet. 156; *Oscanyan* v. *Winchester Arms Co.*, 103 U. S. 261.

No appearance for appellee.

MR. JUSTICE LAMAR, after stating the case, delivered the opinion of the court.

The only material question for consideration is as to the effect of the decree of the Circuit Court of the United States for the Southern District of Ohio, rendered May 4, 1882, which is correctly found to be still in full force, as a bar to the prosecution of this suit.

It is well settled that, in order to render a matter *res adjudicata*, there must be a concurrence of the four conditions, viz.: (1) *Identity in the thing sued for;* (2) *Identity of the cause of action;* (3) *Identity of persons and parties to the action;* and (4) *Identity of the quality in the persons* for or against whom the claim is made. 2 Bouv. 467. All these elements or conditions exist in this case, as shown by the master's report, which was to the effect that the averments of said plea were sustained by the evidence; that there was no controversy as to the identity of the cause of action, or of the identity of the parties in the two suits; that the bill was sworn to by the complainant, and the answer was sworn to by the defendants, and the cause submitted in due course; and that the decree rendered in the suit, pending in the court of Ohio was, as it professed to be, an absolute adjudication of the rights of the parties upon the merits, without any qualifying clause, and was conclusive of the rights attempted to be litigated in this case.

The dispute, however, seems to be as to the *nature* of the former judgment — that is, whether it is a final judgment or decree. It is contended on the part of appellant that such

judgment was merely one of *nol. pros.* — a decree entered by default — and is, therefore, not a bar to the prosecution of this suit. To sustain this view of the case he has recourse to a statement by the clerk of the Circuit Court of the United States for the Southern District of Ohio, (wherein the decree was rendered,) under his hand and seal, dated nearly two years after said decree was rendered, to the effect that no proof or testimony was filed in said cause in his office either for the complainant or the defendant ; that at the time of the granting of said decree, May 4, 1882, the complainant did not appear, nor was he represented by counsel; and that said decree dismissing the complainant's bill was granted on default of the complainant.

The decree itself is in the words and figures following, to wit:

" The United States of America,
    Western Division of the Southern District of Ohio, } *ss :*

"At a stated term of the Circuit Court of the Western Division of the Southern District of Ohio, in the sixth judicial circuit of the United States of America, begun and had in the court-rooms at the city of Cincinnati, Ohio, in said district, on the first Tuesday of April, being the fourth day of that month, in the year of our Lord one thousand eight hundred and eighty-two, and of the independence of the United States of America the one hundred and sixth.

" Present: The Hon. John Baxter, Circuit Judge, and Hon. Philip B. Swing, District Judge.

" On Thursday, the fourth day of May, 1882, among the proceedings had were the following, to wit:

         " Nelson Lyon
             *v.*            } 3180. In Equity.
The Perin and Gaff Manufacturing Co. )

" This cause coming on for hearing, and, being submitted to the court upon bill, answer, and replication, and having been duly considered, the court finds, adjudges, and decrees *that the equities are with the defendant ;* that the bill of complaint be dismissed, and that defendant recover its costs, to be taxed."

This is the record to which the court must look, and not to the statement of the clerk of the court made two years afterwards. This decree on its face is absolute in its terms, is an adjudication of the merits of the controversy, and, therefore, constitutes a bar to any further litigation of the same subject between the same parties. As was said by this court in *Durant* v. *Essex Company*, 7 Wall. 107, 109, "A decree of that kind, unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. Where words of qualification, such as 'without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits."

To the same effect see *Bigelow* v. *Windsor*, 1 Gray, 299, 301, where it is said : "Sometimes, indeed, a party plaintiff in equity, who, because he is not prepared with his proofs, or for other reasons, desires not to go into a hearing, but rather to have his bill dismissed, in the nature of a discontinuance or non-suit in an action at law, may be allowed to do so; but we believe the uniform practice in such case is to enter 'dismissed without prejudice.'"

Likewise Cooper Eq. Pl. 270, as follows: "A plea in bar, stating a dismissal of a former bill, is conclusive against a new bill, if the dismissal was upon hearing, and if that dismissal be not, in direct terms, 'without prejudice.'" See also Story's Eq. Pl. § 793, and authorities there cited.

The authorities to sustain this view of the case might be multiplied, but those cited are sufficient, and demonstrate the uniformity of the rule. It is clear to this court that the decree below dismissing the bill is in harmony with the law, and it is, therefore,

*Affirmed*