PIKE v. GREGORY et al.

(Circuit Court of Appeals, First Circuit. October 16, 1902.)

No. 403.

1. APPEAL BOND—EXTENT OF LIABILITY—INTEREST.

An appeal bond in the usual form, given on appeal from a decree awarding to one of the parties a fund which has been paid into the registry of the court in interpleader proceedings and deposited at interest, does not bind the appellant, on an affirmance, to pay interest on such fund not awarded by the appellate court, in the absence of proof of misconduct on his part, like unreasonable or vexatious delay in prosecuting the appeal, where the appellee has received the fund, with its accumulations.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Thomas H. Talbot, for plaintiff in error.

Francis A. Brooks, for defendants in error.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

ALDRICH, District Judge. There being a dispute as to who was entitled to have certain funds belonging to the estate of the late Frederic A. Pike, proceedings were instituted, including interpleader, to determine the questions of right. During the pendency of such proceedings, and while the fund of something like $37,000 was in the registry of the circuit court, and deposited under circumstances where the use thereof was added to the principal, the defendants executed appeal bonds containing the usual condition to prosecute to effect, and answer all damages and costs if there should be a failure to make the appeal good.

The final result of the litigation was favorable to this plaintiff, and on the 26th of September, 1896, she received, under a decree of court, together with her taxable costs, the fund in the registry, amounting to $39,440.77, including something like $1,500 which the fund had earned while in the custody of the law.

The plaintiff now claims that, as the defendants did not prevail upon appeal, she is entitled to recover from them, under the condition of the appeal bonds, damages as interest at the statutory rate from the date of the decree from which the appeal was taken until the final judgment upon or after appeal.

The question of interest was recently discussed by this court in Hutchinson v. Otis, 115 Fed. 937, where no interest was allowed.

We have not considered the distinct question whether interest on money detained or withheld by order of court can be recovered in a suit on a supersedeas bond unless it has been first awarded by the appellate tribunal in the original cause. This point has not been brought before us by counsel, and we have not found it necessary to give it consideration.

In the case at hand there was a fund about which there was a serious legal controversy. Pending the continuance of the controversy the fund was in the custody of the law by order of court, and earning interest. At the end of the litigation the prevailing party took the fund, with the accumulations of use.

The decree from which the appeal was taken was not a judgment or money decree against these defendants, but a decree adjudging to the plaintiff the fund in dispute. There is therefore very little, if any, analogy between the case under consideration and the cases upon which the plaintiff relies, which involved verdicts or judgments against the party who took the appeal, and which carry interest by force of law.

The grounds for recovery of interest have been stated in a general way to be (1) where the contract provides for it; (2) where it is given by statute; (3) as damages; (4) where the conduct of a party merits its allowance; and (5) where a party has in his possession a fund belonging to another, and makes interest thereon. This may not be a complete or strictly accurate statement of all the grounds, but it is sufficient to illustrate the general grounds upon which interest is allowed; and the plaintiff, upon the facts, does not bring herself within any principle which carries to her the right to recover.

The ground, if any, for recovery of interest as damages in such a case as this, unless it be first awarded by the appellate court, would be misconduct, like unreasonable delay through a vexatious prosecution of appeals or other proceedings, and there was no evidence to warrant submitting the case to the jury on that ground. Indeed, such ground was not even suggested as a ground of recovery, and the plaintiff placed her claim for interest squarely upon the provisions of the bonds. The cases upon which the plaintiff principally relies are not in point, for the reason that they relate to a right of recovery from an adverse party merged in a judgment, and to a situation where the interest is based upon and follows the judgment against the party, which is afterwards affirmed; while here the claim of the plaintiff for interest is not based upon any judgment against the party, but upon a contract or bond which does not express interest; nor does such a bond carry interest by implication, where the money upon which the interest claimed is not recovered from the party, but decreed to the plaintiff, through interpleader, from a fund in the custody of the law, together with its earnings. So far as the record shows, there was a controversy in good faith between the parties as to the distribution of an estate of a deceased person, and under such circumstances we see no principle of law or equity which imposes liability upon one of the contestants to pay interest upon the fund which was in the registry during the controversy, by order of court, or which entitles the other party to a greater use than the fund was earning, unless the controversy was pro-

118 F.—9

longed to an extent where it can be said to be merely for delay, and that it was vexatious and unreasonable.

The plaintiff also relies upon rules 23 (3 Sup. Ct. xiii) and 29 (3 Sup. Ct. xvi) of the supreme court, and rules 13 (31 C. C. A. liii, 90 Fed. liii) and 30 (31 C. C. A. clxviii, 90 Fed. clxviii) of the circuit court of appeals for this circuit. These rules of court are intended to provide for reasonable security to the parties, and do not always determine the ultimate question of right between them; and we assume that neither the provision in the rules as to "interest" pending appeal, nor the provision as to "just damages for delay," was intended to establish the right of recovery of interest as damages in a case like this.

There being no liability of the defendants to pay interest upon the fund in question, in the absence of evidence of vexatious delay, and all the other conditions of the bonds having been complied with, there was no breach.

The judgment of the circuit court is affirmed.

WEBB, District Judge, concurred in the conclusion of the court before he resigned.