THE STATE OF KANSAS, *Appellant*, v. DINA KAEMMERLING, *Appellee.*

No. 16,916.

SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata.* "To make a matter *res judicata* there must be a concurrence of the four conditions following, namely: (1) Identity of the thing sued for. (2) Identity of the cause of action. (3) Identity of persons and of parties to the action. (4) Identity of the quality in the persons for or against whom the claim is made." (*A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127, syllabus.)

Appeal from Crawford district court. Opinion filed November 5, 1910. Reversed.

*Fred S. Jackson,* attorney-general, and *John Marshall* and *George H. Stuessi,* assistant attorneys-general, for the appellant.

The opinion of the court was delivered by

GRAVES, J.: This is an appeal by the state from an order of the district court of Crawford county sustaining a plea of former adjudication in an action against

the appellee, Dina Kaemmerling, and George Pierce and Henry Pierce, for an injunction to enjoin them from maintaining a nuisance in violation of the prohibitory law. The petition alleged that the appellee, together with two other persons by the name of Pierce, was maintaining a nuisance on April 1, 1906, and ever since had been engaged therein, upon certain specifically described premises in Chicopee, in Crawford county. The appellee, as an answer and a bar to the action, pleaded a judgment wherein she, together with one William Monroe, had been perpetually enjoined from maintaining a nuisance at such place. The petition charged that these parties had been maintaining such a place since March 1, 1908. This was held by the district court to be a sufficient bar to the pending application against Dina Kaemmerling, and the state has appealed from such ruling.

The law of *res judicata* requires that the cause of action pleaded in bar must be identical to the one in which the plea is made in the following particulars: (1) in subject matter; (2) in cause of action; (3) in the person and parties to the action; (4) in the quality in the person for or against whom the claim is made. (*Benz v. Hines and Tarr,* 3 Kan. 390; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127.) The cause here pleaded in bar seems to be essentially dissimilar instead of identical. They are not the same as to time when the nuisance was maintained nor as to the persons who were engaged in the business. These particulars are so different as to make it seem impossible that they should relate to the same transaction. The court was manifestly in error.

The judgment is reversed.