PRIVETT et al. v. UNITED STATES et al.

(Circuit Court of Appeals, Eighth Circuit.   October 20, 1919.)

No. 5269.

1. JUDGMENT ⬤⟾828(3)—INDIAN LANDS: SUBSEQUENT SUIT BY UNITED STATES.
    A fact determined by a state court in a suit against a minor heir of an Indian allottee *held* not res judicata in a subsequent suit on behalf of the minor by the United States, which was not a party to the prior suit.

2. JUDGMENT ⬤⟾634—"RES JUDICATA."
    To render a matter res judicata there must be a concurrence of four conditions, viz.: (1) Identity of the thing sued for; (2) identity of the cause of action: (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States and others against C. R. Privett, John O. Mitchell, and J. E. Crosbie. Decree for complainants, and defendants appeal.   Affirmed.

Preston C. West, of Tulsa, Okl. (George T. Brown, Roger S. Sherman, and A. A. Davidson, all of Tulsa, Okl., on the brief), for appellants.

Alvin F. Molony, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., and J. C. Wilhoit, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for appellees.

Before SANBORN, Circuit Judge, and MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge.   This is a suit by the United States to cancel certain conveyances of land which was allotted as a homestead to one Madison H. Brown, a half-blood Creek Indian.   The allottee died September 29, 1911, leaving a widow, Cilla Brown, an adult daughter, Esther Brown, and a minor son, Samuel H. Brown.   The widow and daughter conveyed their respective interests in the homestead to W. E. Privett.   The interest of the minor, Samuel H. Brown, was conveyed to W. E. Privett by guardian's deed under proceedings in the county court of Tulsa county, Okl.   W. E. Privett conveyed the land to C. R. Privett.   He brought suit to quiet his title to the land in the superior court of Tulsa county against Cilla, Esther, and Samuel H. Brown.   A guardian ad litem was appointed for the minor.   Cilla and Esther Brown disclaimed any interest in the land.   Upon the issue raised by the bill and answer of the guardian ad litem of Samuel H. Brown, his mother and sister testified that he was born February 23, 1906.   If this was true, the land inherited by him from his father was unrestricted.   The superior court of Tulsa county found that he was born on that date and that the guardian's deed conveyed a good title.

A decree was entered quieting the title of C. R. Privett, who afterwards conveyed to John O. Mitchell and J. E. Crosbie. Oil was afterwards found on the land.

The United States then brought this suit, based on section 9 of the act of Congress of May 27, 1908 (35 Stat. 315, c. 199). It was alleged in the bill that Samuel H. Brown was born subsequent to March 4, 1906, that is, on April 23, 1906, "and that by reason of the death of the said Madison H. Brown and the birth of Samuel H. Brown since March 4, 1906, being a three-quarter blood Indian, the homestead of Madison H. Brown became the property of and is now the property of the said Samuel H. Brown to the extent that the same shall remain for the use and support of said Samuel H. Brown during his life until April 26, 1931."

Mitchell and Crosbie filed an answer, setting up the decree of the superior court of Tulsa county as res adjudicata of the question of the date of birth of Samuel H. Brown. On motion of the United States this answer was stricken out. On the trial appellants offered to introduce in evidence the record in that case. Upon objection of the United States the offer was refused. The testimony of a number of witnesses was introduced by the United States, who testified that Samuel H. Brown was born April 23, 1906, and the court below upon that testimony found that to be the true date of his birth.

[1, 2] The question here is whether the decision of the superior court of Tulsa county in a suit in which the United States was not a party is res adjudicata in this court.

"It is well settled that, in order to render a matter res adjudicata, there must be a concurrence of the four conditions, viz.: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made." Lyon v. Perin & Gaff Manufacturing Co., 125 U. S. 698, 700, 8 Sup. Ct. 1024, 1025 (31 L. Ed. 839); Turner Tp. v. Williams, 17 S. D. 548, 97 N. W. 842, 843; State v. Kaemmerling, 83 Kan. 383, 111 Pac. 443; Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 South. 504, 507; Vincent v. Mutual Reserve Fund Ass'n, 77 Conn. 281, 58 Atl. 963, 964.

"The essence of estoppel by judgment is that some right, question, or fact in dispute between parties has been judicially determined by a court of competent jurisdiction; and, where such judgment is pleaded in bar of a subsequent action, the question always is: Has such question been so determined between the same parties or their privies, and not upon what evidence was it determined, or the reason therefor." Fitch v. Stanton Tp., 190 Fed. 310, 314, 111 C. C. A. 210, 214.

Therefore the decree of the state court cannot be pleaded in bar of this action. This case comes within the rule in Bowling v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080, and Heckman v. United States, 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820.

It follows that the decree of the lower court should be affirmed; and it is so ordered.