## THOMAS et al. v. SPRUKS.
No. 6691.

Circuit Court of Appeals, Third Circuit.
July 12, 1938.

Howard H. Rapp, of Philadelphia, Pa., for appellants.

George W. Morrow, and Ralph W. Rymer, of Scranton, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The fact situation calls for analysis. The proceeding is one under section 77B, Bankr.Act, 11 U.S.C.A. § 207, the Northumberland Mining Company being the debtor. The debtor had leased from the Appellants tracts of land upon which was stored a culm bank or pile of coal. Default having been made in the payment of the rent reserved, the first named Appellant as bailiff for the landlords levied upon the coal pile by way of distraint for rent. The Appellee claimed the coal pile to belong to him. The distraint proceedings were halted by a petition under section 77 B. Subsequently the coal pile was sold by order of the Bankruptcy Court subject to all claims of lien and ownership and in effect the proceeds substituted for the coal pile. The moneys were accordingly paid into the Registry of the Court to await the determination of to whom they belonged. The final determination was that they belonged to the Appellee. The order of the Bankruptcy Court was in the simple form of an order on the Clerk to pay over to the Appellant "the sum of $64,-080.53" less the Clerk's commission of one per cent. On appeal to this Court the order was affirmed, 3 Cir., 89 F.2d 998, and a certiorari was denied by the Supreme Court. Philadelphia & Reading Coal & Iron Co. v. Spruks, 302 U.S. 718, 58 S.Ct. 38, 82 L.Ed. 554. The mandate of this Court was the usual one of an affirmance, with costs, and the award of execution for the usual $20.00 allowed on appeals. The Appellant thereupon filed a Bill of Costs in the District Court, one item of which was

| | |
|---|---|
| Interest on judgment of $63,-446.07 from August 31, 1936 to October 23, 1937 | $4335.47 |

Exceptions were filed to this item by the Appellants, which were overruled by the Clerk and the Costs taxed, including this item. On exceptions the taxation by the Clerk was approved and the costs taxed accordingly. It would seem clear that interest would not be taxable as costs.

The inclusion of this item in the taxable costs was error and the order made to this effect is reversed.