## SPRUKS v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 8102.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 4, 1943.

Decided Nov. 17, 1943.

Howard H. Rapp, of Philadelphia, Pa. (W. J. Fitzgerald, of Scranton, Pa., and John N. Schaeffer, Jr. and Morgan, Lewis & Bockius, all of Philadelphia, Pa., on the brief), for appellant.

Ralph W. Rymer and Ralph T. Lynch, both of Scranton, Pa., for appellee.

Before BIGGS, JONES, and GOOD-RICH, Circuit Judges.

JONES, Circuit Judge.

The unsuccessful claimants to a fund in the registry of the District Court appealed from the decree of the court below in bankruptcy adjudicating the ownership of the fund. The appellants filed a supersedeas bond in the sum of $5,000 as they were required to do by the order of this court granting them leave to appeal. The present defendant was the surety in the bond. This court affirmed the decree of the District Court (In re Northumberland Min. Co., D.C., 16 F.Supp. 63, affirmed Thomas et al. v. Spruks, 3 Cir., 89 F.2d 998). Certiorari was applied for and denied. Philadelphia & Reading Coal & Iron Co. v. Spruks, 302 U.S. 718, 58 S.Ct. 38, 82 L.Ed. 554. The instant appeal grows out of an action in assumpsit brought by the appellee in the first appeal against the surety on the supersedeas bond to recover interest on the fund as an element of damage due to the delay in payment of the fund to the plaintiff because of the appeal by the unsuccessful claimants. The District Court entered judgment for the plaintiff from which the defendant surety appeals.

It is unnecessary for present purposes to recite in detail the circumstances attending the production of the fund. They fully appear in the opinion of this court cited supra. It is sufficient to say that the fund represented the proceeds derived from the sale of a large pile of coal located on property of the Northumberland Mining Company, a debtor in bankruptcy. The coal, whereof the plaintiff, Spruks, claimed to be the owner, had been the subject of a distraint issued by the landlords of the debtor several days prior to the filing of the debtor's petition for reorganization.

The question as to the ownership of the coal came before the District Court on the petition of one Thomas, the constable who had made the distraint in execution of the landlords' warrant. In his petition Thomas averred Spruks' ownership of the particular coal and the operating tenant's non-ownership thereof, and prayed the bankruptcy court to lift its injunction, relative to property in the possession of the debtor, so as to allow a sale of the coal pursuant to the levy. Spruks intervened, averred his ownership of the coal and asserted that, because of a recognized trade practice which permits mined coal to remain in the possession of an operating tenant for various periods of time, the coal in controversy

was exempt from distraint upon a landlords' warrant issued against the tenant. The court entered a preliminary order, to which counsel for all parties in interest consented and agreed, including counsel for the constable and the landlords. Under the order, Spruks was authorized to sell the coal and directed to render periodic accountings to the court of his sales and to pay the net proceeds therefrom (after payment of royalties due thereon) into the registry of the court until the fund equalled the landlords' claim ($63,446.07), plus poundage thereon (one per cent), the fund in the registry of the court to be subject to liens and claims of ownership to the same extent as the coal had been. Spruks complied with the order of court and paid the entire amount contemplated by the order into the registry of the court. Thereafter the court found Spruks to be the owner of the coal, held that it was not subject to levy and sale by the constable under the landlords' warrant against the tenant debtor and ordered that the fund in the amount certain ($63,446.07) be paid to Spruks. It was from that decree that the constable and the landlords took the first appeal to which we have already referred and wherein they gave the surety bond which is involved in the present controversy.

The one substantial question here involved is whether the appellee on the former appeal (the present plaintiff) may have recovery against the surety in the supersedeas bond for damages by way of interest on the award for the time payment thereof was postponed because of the appeal. The appellant also raises several other questions which we shall treat with before coming to the principal question.

The appellant contends that the District Court passed on the question of ownership of the coal without notice to or hearing of the landlords. We think the record fully discloses both their knowledge of and participation in that proceeding. The constable, whose petition for relief from the bankruptcy court's injunction had brought the matter before the court, was acting as agent of the landlords pursuant to their warrant; and they and the constable were the joint appellants from the District Court's decree. Any complaint as to a want of hearing or representation in the court below, if such there was, was cognizable on the appeal but no such question was raised.

We also think that the appellant's further contention that the District Court was without jurisdiction of the question as to ownership of the coal is equally lacking in merit. The undisputed facts as to the debtor's possession of the res in controversy leave no doubt as to the jurisdiction of the bankruptcy court to hear and determine the question as to the ownership of the property so found in the possession of the bankrupt at the time of bankruptcy. Chauncey v. Dyke Bros., 8 Cir., 119 F. 1, 3. As already stated, it was the constable who, acting for the landlords, brought the matter before the bankruptcy court by his petition which averred Spruks' ownership and the debtor's non-ownership of the coal levied upon. Spruks himself voluntarily submitted to the bankruptcy court's jurisdiction for the determination of his claim to ownership. Moreover both the constable and the landlords by their attorney had consented and agreed in writing to the entry of the order for the sale of the coal, wherein the questions of ownership and the constable's right to proceed, despite the ownership of the coal, were expressly reserved for the court's determination. The bankruptcy court had jurisdiction both of the subject matter and of all necessary parties.

Upon the affirmance of the District Court's award with costs to the appellee and the due issuance of this court's mandate, Spruks filed a bill of costs in the court below and included therein an item of $4,335.47 for interest on the award from the date thereof to the time that it was paid to the plaintiff immediately following the District Court's receipt of the mandate. The clerk allowed the claim to interest as a part of the costs. On exceptions thereto by the defendants, the District Court approved the costs as taxed. On appeal, this court held that interest is not includible as part of the costs and reversed the allowance thereof by the court below. See Thomas et al. v. Spruks, 100 F.2d 198.

The appellant contends that the decision in the case last above cited is res judicata of the claim here involved. With that, we cannot agree. The causes of action were not the same. The sole question on the appeal reported in 100 F.2d 198 was whether interest on a judgment or a decree is recoverable as a part of the taxable costs. In the instant case the question is whether the supersedeas bond given on the former appeal supports a claim to interest on the

judgment appealed from pending disposition of the appeal. There is lacking therefore, as between the two cases, the identity of cause of action which is one of the requisites of res judicata. Lyon v. Perin & Gaff Manufacturing Company, 125 U.S. 698, 700, 8 S.Ct. 1024, 31 L.Ed. 839.

■ We come then to the principal question presented by the pending appeal. The condition of the supersedeas bond is that the appellants (the constable and the landlords) "shall prosecute said appeal to effect, or answer to all damages and costs if they fail to make their appeal good * * *." However, it is not the wording of the supersedeas bond alone which identifies the matters thereby secured. The judgment or decree appealed from as ultimately affected by the appeal is the factor which finally measures the scope of the liability under the bond. The surety is liable within the relevant terms of the bond for what the court orders or decrees in respect of the matter appealed from. Rosenstein v. Tarr, C. C. D. Mass. 1892, 51 F. 368, 370, affirmed per curiam in Tarr v. Rosenstein, 1 Cir., 53 F. 112, for the reasons stated in the opinion below. In the Tarr case the Circuit Court had said (51 F. at page 370) that "It is elementary that, in a suit on a *supersedeas* bond, neither the principals nor the sureties can be mulcted beyond what the courts have adjudged as the result of the appeal to which the bond was incident. * * * If plaintiffs claim interest on the fund in the registry, they were holden to establish their claim in the original proceeding as a condition precedent to any demand for it here, though it is probable the circuit court had no authority in this suit to award such interest after the mandate was received." (Citing In re Washington & G. R. Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339).

■■ Here, the decree of the District Court with respect to the fund in its registry was for the payment to the plaintiff of a sum certain (i.e. the fund in court) without mention of interest. It was on the appeal from that decree that the supersedeas bond was given. In affirming the decree of the District Court with costs to the appellee, this court did not include interest on the fund for the time consumed by the appeal. What the Supreme Court said in the Washington & G. R. Co. case, supra, 140 U.S. at pages 94, 95, 11 S.Ct. 673, 35 L.Ed. 339, is presently apposite,— "The fact that the judgment of this court

merely affirmed the judgment of the general term with costs, and said nothing about interest, is to be taken as a declaration of this court that, upon the record as presented to it, no interest was to be allowed. It was thereupon the duty of the general term to enter a judgment strictly in accordance with the judgment of this court, and not to add to it the allowance of interest." See, also, Boyce's Executors v. Grundy, 9 Pet. 275, 289, 9 L.Ed. 127, from which the Supreme Court quoted with approval in the Georgetown case, supra. While a supersedeas bond was not involved in either the Georgetown or the Grundy cases, they are no less pertinent here for, unless the judgment or decree be augmented by the addition of interest as a result of an appeal, no claim therefor can arise under the bond. There is no right of action on a supersedeas bond independent of the matter which the bond was given to secure. See Rosenstein v. Tarr, loc. cit. supra.

In the case of Thornton v. Carter, 8 Cir., 109 F.2d 316, the proceeds of a life insurance policy were paid into court for contest between two adverse claimants. An award of the fund was made by the District Court to the plaintiff without the inclusion of interest. The plaintiff received the fund forthwith. On appeal the decree was reversed and the fund was awarded to the defendant but again without the inclusion of interest. In denying the defendant's claim for interest for the period of the appeal, notwithstanding that the plaintiff had had the use of the money in the interim, the Court of Appeals said (109 F.2d at page 321) that "The matter of interest up to the time that the first appeal was ended was, we think, a question which could have been [footnote citing cases], and therefore should have been, presented to this court in connection with that appeal, and it is not a matter which can now be considered by the court below or by this court." As we have already pointed out, no claim to interest was made in the instant case on the appeal from the award respecting the ownership of the fund nor was interest thereon included in either the decree of the District Court or in this court's order of affirmance. Moreover, in the instant case the fund remained during the appeal in the registry of the court where it had originally been placed by an order of court to which the plaintiff had consented and agreed and where it was

known not to be producing income as the District Court's award of the sum certain obviously recognized.

The facts in the case of Pike v. Gregory, 1 Cir., 118 F. 128, make it peculiarly pertinent to the present situation. In that case certain funds in dispute were paid into the registry of the court pending the court's determination of the right to ownership. The court awarded the fund to the plaintiff. The unsuccessful claimant took an appeal and filed a bond containing the usual condition "to prosecute to effect, and answer all damages and costs if there should be a failure to make the appeal good." The final result of the litigation was favorable to the plaintiff, who received the funds and certain increment which had accrued thereon in the meantime. The plaintiff then brought suit on the appeal bond (just as the plaintiff in the instant case has done) to recover as damages interest at the statutory rate from the date of the decree from which the appeal had been taken until the entry of the final judgment following disposition of the appeal. In denying the plaintiff's right to interest as damages as an incident of the unsuccessful appeal, the court said (118 F. at page 129) that,—"The ground, if any, for recovery of interest as damages in such a case as this, *unless it be first awarded by the appellate court,* would be misconduct, like unreasonable delay through a vexatious prosecution of appeals or other proceedings, and there was no evidence to warrant submitting the case to the jury on that ground." (Emphasis supplied.) See, also, Green v. Chicago, S. & C. R. Co., 6 Cir., 49 F. 907, 909. In the Gregory case the plaintiff placed her claim for interest squarely upon the provisions of the bonds. What the court there said is equally applicable here. Not only was there no finding below that the appeal was vexatious or for the purpose of delay but there is no evidence which would warrant such a finding. As the complaint discloses, the appeal was taken promptly, was heard and disposed of in due course, and the plaintiff received the fund from the registry of the court within several days of the District Court's receipt of the mandate which issued as a result of the appeal. As in the Gregory case, the present plaintiff bases his claim to interest as damages on the conditions of the bond, which, as we have already seen, require compliance with the decree or judgment entered as a consequence of the appeal. Those conditions

having been fully met, there was no breach.

In support of its judgment, the court below cited and relied upon Graysonia-Nashville Lumber Co. v. Goldman, 8 Cir., 260 F. 600, American Trust Co. v. Speers Sand & Clay Works, Inc., D.C.Md., 60 F.2d 994, and Brame v. Keystone Credit Corporation, 4 Cir., 76 F.2d 328. All three cases are distinguishable from the present. In the Graysonia and American Trust Company cases the interest allowed was not on a fund in the registry of the court but on the price of disputed lands whereof the unsuccessful contestants had had possession during the pendency of the appeals. While the Brame case is more nearly similar to the present, it, like the Graysonia and American Trust Company cases, neither mentions nor discusses the question whether a lower court may award interest in a suit on a supersedeas bond where the appellate court in disposing of the appeal for which the bond was given made no allowance on account of damages for delay either by way of interest or otherwise. Moreover, the Graysonia, American Trust Company and Brame cases considered a supersedeas bond as creating, of itself, the scope and extent of the liability thereunder without regard for the decree or judgment which such a bond has been given to secure. In view of the cases already discussed and considered, and particularly the Tarr and Gregory cases, we do not think that the court below was justified in relying for its authority upon the cases which it cites.

■ Rule 13 of this Circuit, of the Rules (1928) in force at the time of the matters herein involved, furnishes no authority for the District Court's allowance of interest after an affirmance (without mention of interest) of an award which did not exclude interest. Rule 13 (since superseded by Rule 15 of our Rules promulgated in 1940) prescribed the requirements and tenor of a supersedeas bond and specified interest pending an appeal merely as among the items to be considered by a court in fixing the amount of indemnity to be required. However, the item still had to be allowed before it was recoverable and the allowance thereof under the rule of this court pertaining to allowance of interest on affirmed judgments or decrees (formerly Rule 28, now Rule 36) is a matter for this court and may not be imposed by the lower court except as

authorized by this court's mandates. A similar rule of the Supreme Court (Rule 30) and a like rule formerly in force in all circuits (Rule 30, 150 F. XXXV) have been so construed. See Green v. Chicago, S. & C. R. Co., supra, 49 F. at page 909; Hagerman v. Moran, 9 Cir., 75 F. 97, 101; Consolidated Rubber Tire Co. v. Diamond Rubber Co. of New York, D.C.S.D.N.Y., 232 F. 508, 509.

The judgment of the District Court is reversed, with costs.