Neil ABRAMSON, Plaintiff-Appellant,

v.

HARBOR ISLAND MARINA, INC.,
Defendant-Appellee.

HARBOR ISLAND MARINA, INC.,
Plaintiff-Appellant,

v.

Neil ABRAMSON, Defendant-Appellee.

Nos. 86–2038, 86–2039.

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1987.

Decided April 27, 1987.

Benjamin Lipsitz, Baltimore, Md., for Abramson.

Luther C. West, Baltimore, Md., for Harbor Island Marina.

Before WINTER, Chief Judge, WILKINSON, Circuit Judge, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.

MOTZ, District Judge.

The issue presented in this case is whether a decree entered in an equity suit in the Circuit Court for Calvert County Maryland, barred a subsequent suit for damages in the United States District Court for the District of Maryland. Finding that the decree did have *res judicata* effect, the District Court entered summary judgment on behalf of the defendant, Harbor Island Marina, Inc. Plaintiff, Neil Abramson, has appealed.

The case arises under a lease which provided that Harbor Island would let certain premises to Abramson to operate a restaurant and bar. The leased premises required substantial repairs, and the lease agreement provided that Abramson was to renovate the property, using materials provided by Harbor Island. The arrangement was less than happy, and, after three weeks, Harbor Island notified Abramson that it wished to terminate the agreement. Abramson responded by instituting suit in the Circuit Court for Calvert County. His prayer for relief included a request for specific performance and an award for damages resulting from the breach of the lease.

The case proceeded to trial before Judge Perry Bowen. Abramson continued to press for specific performance. At the same time he presented some proof of a damage claim in the form of out-of-pocket expenses in the approximate amount of $7,000. At the conclusion of the trial Judge Bowen rendered a bench opinion in which he stated that the lease agreement was so vague that there was "no way on earth" that it could be carried out. Judge Bowen also indicated that the evidence "was very meager in respect to some of … [the] damages." Based upon the findings which he made, Judge Bowen entered a decree denying specific performance but ordering that Abramson's $10,000 deposit held by Harbor Island under the lease be returned. The decree further provided that it was "without prejudice to the right of either party to sue the other for damages in a Court of law." Several weeks thereafter, Abramson instituted a diversity action against Harbor Island in the District Court, requesting damages for lost profits.[1]

The Calvert County decree—but for its reservation provision—unarguably would have had *res judicata* effect. Maryland law applies to the question of the preclusive effect of the Maryland decree, *see Kutzik v. Young*, 730 F.2d 149, 151 (4th Cir.1984), and under Maryland law a final decree in an equity suit generally bars a later action for a monetary claim arising out of the same transaction. *See Miller v. Talbott*, 239 Md. 382, 392–93, 211 A.2d 741, 747 (1965). Therefore, the question is narrowed to whether or not the reservation provision of the decree limited its preclusive effect.[2]

---

1. Although the parties have not briefed the issue, a substantial question would seem to be presented as to whether, as a matter of law, Abramson would be able to prove lost profits with reasonable certainty. Putting aside the fact that Abramson's venture was a new business without any established profit history, *see, e.g., St. Paul at Chase Corp. v. Manufacturers Life Ins. Co.*, 262 Md. 192, 244–47, 278 A.2d 12, 37–38 (1971), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 98 (1971), the earning of any profits depended upon his having an enforceable lease. At the least, the decree entered by Judge Bowen would seem to have had a collateral estoppel effect on this issue.

2. In the Calvert County proceedings a colloquy occurred between Judge Bowen and Abramson's counsel in which Judge Bowen expressed his view that Abramson did not have a right to bring a subsequent damages action after having instituted the equity suit. The District Judge inferred from this colloquy that the reservation provision of the decree was not intended to confer independently upon Abramson a right to institute a damages action but simply to preserve his right to bring such an action if Judge Bowen's view of the law were incorrect. Whether or not this interpretation was correct is a question which this Court need not reach

Maryland law does recognize that under certain circumstances a court, at least a court of equity, may limit the preclusive effect of a judgment which it enters. *See Horowitz v. Horowitz,* 175 Md. 16, 27, 199 A. 816, 820 (1938). *See generally Restatement Second, Judgments,* section 26(1)(b); 18 Wright, Miller & Cooper, *Federal Practice & Procedure,* section 4413 (1981). However, Abramson has cited no authority to support the proposition that where a plaintiff has prayed for damages as part of his relief and has attempted to prove his damages at trial and where the trial judge has found the proof of some damages insufficient and has entered an award of other damages, the decree entered in that action can, simply by an *ipse dixit* pronouncement, be limited in its effect. In such a case the actions both of the plaintiff and of the Court are totally inconsistent with the attempted reservation of the right to institute a subsequent suit.[3] To give effect to the reservation provision under these circumstances would totally undermine the sound policies of litigation repose and judicial economy embodied in the doctrine of *res judicata.*

For these reasons, the judgment of the District Court is affirmed.

AFFIRMED.

since it finds that the attempted reservation was, in any event, a nullity.

**3.** It is also to be noted that the damages awarded by Judge Bowen—a return of the deposit under the lease—was not ancillary to, but inconsistent with, specific performance. Thus, this is not a case where it might be argued that the damages claimed and awarded were strictly limited to the plaintiff's equitable claim and should therefore not bar an independent action at law.